IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

STACEY J. TREADWAY,

           Plaintiff,

v.                                 CIVIL ACTION NO.  5:15-cv-04109

WALGREEN CO. and
RUANN FEILDER,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1-1), the Defendants' *Notice of Removal* (Document 1), the *Defendants' Motion to Dismiss* (Document 4), the *Memorandum in Support of Defendants' Motion to Dismiss* (Document 5), the Plaintiff's *Response to Motion to Dismiss* (Document 6), the *Plaintiff's Memorandum of Law in Opposition of Defendants' Motion to Dismiss* (Document 7), and the *Defendants' Reply in Support of Motion to Dismiss* (Document 10).  In addition, the Court has reviewed the *Defendants' Motion to Strike Plaintiff's Untimely Response to Defendants' Motion to Dismiss and Supporting Memorandum of Law [Dkt. Nos. 6 &7]* (Document 9) and the Plaintiff's *Reply to Court Order Entered June 1, 2015* (Document 12), providing an explanation for the untimely response to the motion to dismiss.  For the reasons stated herein, the Court finds that the Defendants' motion to strike should be denied and the Plaintiff's response considered.  Nevertheless, the Court finds that it lacks jurisdiction and that this matter must be remanded to the Circuit Court of Raleigh County, West Virginia.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Stacy J. Treadway, asserts that she was employed at Walgreens in Beaver, West Virginia, until her hours were reduced enough that she had to leave to find other employment. (Compl. at ¶¶ 4, 18.) In August of 2011, she provided a written statement and testimony for an employee who had been dismissed. (*Id.* ¶ 6.) Ms. Treadway received four reprimands or warnings in 2012 and 2013 for various reasons, and alleges that Defendant Ruann Fielder, her manager, ridiculed her and harassed her. (*Id.* ¶¶ 11–12.) She began experiencing health problems and stress in the summer of 2013. (*Id.* ¶ 13.) A transfer from the beauty department to the photo department required more hours and increased her stress. (*Id.* at ¶ 13–14.) Ms. Treadway was reprimanded for taking time off for medical care, and ultimately left for other employment after her hours were decreased. (*Id.* ¶¶ 15–18.) She alleges that the Defendants' actions "violated the West Virginia Human Rights Act." (*Id.* at ¶ 23.)

Ms. Treadway initiated this case by filing her complaint in the Circuit Court of Raleigh County, West Virginia, on February 19, 2015. The Defendants removed the matter to this Court on April 6, 2015, asserting federal question jurisdiction. They filed their motion to dismiss on April 13, 2015. The Plaintiff filed her response on May 5, 2015—several days late. On May 13, 2015, the Defendants both filed their reply, and moved to strike the Plaintiff's untimely response. The Court directed the Plaintiff to provide an explanation for the untimeliness of her response. Her attorney explained that he had failed to properly calendar the response deadline, and promptly filed a response when his assistant noticed that the deadline had passed.

**MOTION TO STRIKE**

As an initial matter, the Court finds that the Defendants' motion to strike should be denied. The Court does not condone late filings. When a party needs an extension or has missed a deadline, it is proper to file a motion for an extension or for leave to file late together with the untimely document. However, the Plaintiff's response was less than two weeks late. The Defendants were able to file a prompt reply and are not prejudiced in any way by the Court's consideration of the response.[1] The Plaintiff's attorney's error did not result in any significant delay, and it was not attributable to intentional disregard of the deadlines or intent to inconvenience opposing counsel. Thus, the Court will consider the Plaintiff's untimely response.

**JURISDICTION**

This matter was removed to federal court on the basis of federal question jurisdiction. The Defendants read the Plaintiff's complaint to include allegations that the Defendants violated the Family and Medical Leave Act (FMLA) and the Employee Retirement Security Act (ERISA). Although the Plaintiff did not file a motion to remand, the Court must be satisfied that it has jurisdiction prior to any consideration of the merits.

  A.  *Standard of Review*

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[2] This Court has original

---

1 The Court notes that the Defendants requested that the Court grant their motion to dismiss "as conceded." Regardless of whether the Court accepted the late response, the Court must apply the applicable pleading standard to the complaint to determine whether dismissal is warranted.
2 Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the substantial federal question doctrine, a cause of action raises issues of federal law if "a disputed question of federal law is an essential element of one of the well-pleaded state claims." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 445 (4th Cir. 2005). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 831 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Spaulding v. Mingo Cnty. Bd. of Educ.*, 897 F. Supp. 284, 287 (S.D.W. Va. 1995) (Haden, J.) ("The rule is designed to allow the plaintiff the right to choose the forum. . . The plaintiff either may assert state causes of action or include federal causes of action, thereby leaving the action vulnerable to removal by the defendant.").

However, the "artful pleading" doctrine provides an exception to the well-pleaded complaint rule. *Spaulding*, 897 F. Supp. at 288. Thus, a case with no express federal claim may be removed to federal court if the plaintiff failed "to plead necessary federal questions" or "where federal law completely preempts a plaintiff's state-law claim" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted).

---

the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging jurisdiction in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, federal courts must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

*B. Discussion*

The Plaintiff asserts in her complaint that she "was retaliated against for 'blowing the whistle.'" (Compl., ¶ 19.) She alleges the Defendants "violated the West Virginia Human Rights Act entitling the Plaintiff to attorney's fees and costs pursuant to W. Va. Code § 5-11-13 and/or the decisions of the West Virginia Supreme Court of Appeals." (*Id.* at ¶ 23.) The complaint does not include multiple counts for violations of separate statutes or alternative theories of recovery. Her allegations regarding her FMLA leave and the denial of her short-term disability claim appear to be incidents in which the Defendants allegedly retaliated against her for

5

providing testimony for a former manager, rather than separate claims for relief. As the Defendants point out in their motion to dismiss, the complaint falls far short of stating a claim for relief under either federal statute.

In her response to the motion to dismiss, the Plaintiff states that she pled that she: (1) was a former Walgreen's employee; (2) suffered a hostile work environment; (3) was forced to leave her employment; (4) suffered lost wages; and (5) had been annoyed, aggravated, embarrassed, and humiliated. (Mem. in Supp. of Resp. at 3–4.) She further noted that she cited West Virginia Code § 5-11-13 "as being the code sections allegedly violated by the Defendant." (*Id.* at 4.) Ms. Treadway does not argue that her complaint stated a claim for relief pursuant to the FMLA or ERISA. Although the complaint is not a model of clarity, the Plaintiff's legal theory does not appear to require proof of violation of a federal statute as an element of her claim for relief. Thus, the Court finds that the complaint does not raise questions of federal law or otherwise support federal question jurisdiction. This Court, therefore, lacks jurisdiction over this matter and cannot reach the issues raised in the motion to dismiss. Accordingly, remand is appropriate.

## CONCLUSION

Following thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Strike Plaintiff's Untimely Response to Defendants' Motion to Dismiss and Supporting Memorandum of Law [Dkt. Nos. 6 &7]* (Document 9) be **DENIED.** The Court finds that it lacks subject matter jurisdiction over the above-styled matter. Accordingly, the Court hereby **ORDERS** that this case be **REMANDED** to the Circuit Court of Raleigh County, West Virginia, for further proceedings. The Court further **ORDERS** that all pending motions be **TERMINATED AT MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Raleigh County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER: June 29, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA